UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLONY INSURANCE COMPANY | CIVIL ACTION NO. CV08-5087 DIV. "A" |
| VERSUS | JUDGE ZAINEY |
| PEARL RIVER BASIN LAND & DEVELOPMENT, LLC, ET AL. | MAG. JUDGE ROBY |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, International Equipment Distributors, Inc. d/b/a IED, Inc. ("IED"), files this Memorandum in Support of its Motion to Dismiss based on this Court's lack of subject matter jurisdiction.

*Summary of IED's Argument*

In this action, Colony seeks a declaration that it is (1) not required to defend IED under its policy and (2) not required to indemnify IED under the policy from the claims made by Pearl River Basin Land & Development Company, LLC ("Pearl River") in the state court action captioned "PEARL RIVER BASIN LAND & DEVELOPMENT COMPANY, LLC V. STATE OF LOUISIANA THROUGH THE GOVERNOR'S OFFICE OF HOMELAND SECURITY & EMERGENCY PREPAREDNESS, ET AL., 22ND JUDICIAL DISTRICT COURT, PARISH OF WASHINGTON, STATE OF LOUISIANA" (the "State Court action").

{B0577250.1}

- 1 -

Colony filed this action in this Court based on this Court's subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332. Nothing in the complaint supports that this Court has jurisdiction pursuant to 28 U.S.C. §1331. The complaint also fails to establish that the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. §1332.

Furthermore, this is a declaratory judgment in which an insurer, Colony, is seeking a declaration that it is not obligated to either defend or indemnify its insured, IED, from claims asserted in an underlying state court action. This Court has the discretion to decline to hear this dispute over insurance when a previously filed state court action is pending. While Colony might bring this action in this forum if jurisdiction existed, this Court should nevertheless dismiss this action to allow the parties to litigate this matter in state court.

## *Law and Argument*

This Court has an independent duty to examine the basis for subject matter jurisdiction.[1] Moreover, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[2] Essentially, the party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction by a preponderance of the evidence.[3] In this matter, Colony has not sustained that burden.

The complaint filed by Colony Insurance is woefully insufficient. The complaint does not facially establish this Court's subject matter jurisdiction under 28 U.S.C. §1331 or 28 U.S.C. §1332. The complaint makes a general unsupported allegation regarding the Court's subject matter jurisdiction in Paragraph 1, stating:

---

[1] *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir 1997).

[2] *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996).

[3] *St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002).

{B0577250.1}

- 2 -

> This court has jurisdiction of these claims under 28 U.S.C. 2201, the Declaratory Judgment Act, as arising in a case within its jurisdiction. There is also complete diversity of citizenship and an amount in controversy exceeding $75,000.00. The plaintiff alleges claims arising under 42 U.S.C. 5121 ("The Stafford Act"). This court has jurisdiction pursuant to 28 U.S.C. 1331 and 1332.

Unfortunately, the complaint fails to allege (1) what is the federal question is in this declaratory judgment action and (2) any facts that establish that the amount in controversy is sufficient to satisfy the jurisdictional limits requirement of 28 U.S.C. §1332.

### A. *The unsupported "federal question" allegations*

That Colony would assert that "[t]his court has jurisdiction pursuant to 28 U.S.C. 1331" is baffling. The only thing that the sparse factual allegations in the complaint establish is that this action is a declaratory judgment action brought by an insurer against an insured. Colony seeks relief under the Louisiana state law of contracts.

Colony's complaint states, "The plaintiff alleges claims arising under 42 U.S.C. 5121 ("The Stafford Act")." But, it does not. Nowhere does Colony ask for relief under the Stafford Act. It asks that the Court interpret and apply its policy under Louisiana state law.

Other than Paragraph 1, the complaint only mentions the Stafford Act one time. In Paragraph 6, the complaint addresses the underlying State Court Action and explains that Pearl River (the plaintiff in the State Court Action) alleges that Washington Parish and the State of Louisiana were empowered to use federal money under the Stafford Act for debris removal. That is the only other allegation in the entire complaint to address the Stafford Act, and this passing remark about the Stafford Act clearly does nothing to establish a federal claim on behalf of Colony.

Pearl River itself does not even allege a federal cause of action in the underlying State Court action (which is why that action is being litigated in state court rather than this Court). As

{B0577250.1}

- 3 -

Colony asserts in Paragraph 9 of its complaint, Pearl River's grounds for recovery against IED in the State Court Action are based upon breach of contract, misrepresentation, fraud, and other acts and omissions proven at trial.

There is no federal question jurisdiction in this matter. Similar baseless and unsubstantiated jurisdictional allegations have resulted in sanctions being awarded.[4]

Regardless, the burden of proof is now on Colony to establish by a preponderance of the evidence that this Court has jurisdiction under 28 U.S.C. §1331. Colony cannot sustain this burden and this case must be dismissed.

### B. *The unsupported claim of diversity jurisdiction*

Colony also asserts that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. 28 U.S.C. §1332 confers federal diversity jurisdiction on civil actions where the amount in controversy exceeds the sum or value of $75,000.00. Here, Colony has failed to allege with any particularity that the amount in controversy exceeds the jurisdictional limit.

"In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'"[5] In declaratory judgment actions regarding "the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim-- not the face amount of

---

[4] *See Hollier v. Willstaff Worldwide, Inc.*, 2009 WL 256503 (W.D. La. 2009); *George v. Dolgencorp, Inc.,* 2007 WL 4678577 (W.D. La. 2007); *Saxon v. Thomas*, 2007 WL 1974914 (W.D. La. 2007).

[5] *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002) (*quoting Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983))

{B0577250.1}

- 4 -

the policy.'"[6] As the party invoking federal diversity jurisdiction, the burden is on Colony to establish that the amount in controversy exceeds $75,000.00.[7]

In considering whether Colony has met this burden, the Court "must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount."[8]  If the amount in controversy is not apparent, the Court may then rely on summary judgment type evidence.[9]  In examining such evidence, "the jurisdictional facts must be judged as of the time the complaint is filed...."[10]

Simply put, the complaint is insufficient and does nothing to establish $75,000.00 is in dispute.  The complaint only alleges that over $75,000.00 is in dispute is in Paragraph 1, which states, "There is also complete diversity of citizenship and an amount in controversy exceeding $75,000.00."  With the exception of that passing remark, the petition is completely devoid of any facts to establish that the amount in controversy exceeds $75,000.00.  Unsupported allegations concerning the amount in controversy similar to those in this matter have resulted in sanctions in other cases.[11]

---

[6] *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002) (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3710 (3d ed.1998)).

[7] *Lou-Con,* 293 F.3d at 910 (*citing See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252 (5th Cir.1998)).

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *See Hollier v. Willstaff Worldwide, Inc.*, 2009 WL 256503 (W.D. La. 2009); *George v. Dolgencorp, Inc.,* 2007 WL 4678577 (W.D. La. 2007); *Saxon v. Thomas*, 2007 WL 1974914 (W.D. La. 2007).

***C. The Court has discretion to dismiss Declaratory Judgment actions that could be brought in another forum where a case was previously pending.***

Since this action is a brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, the Court has the option of to decline the exercise of jurisdiction, even if it exists, because it is a matter for the Court's sound discretion whether to decide a declaratory judgment action.[12] The Fifth Circuit cautioned that, "[c]ourts may not dismiss requests for declaratory judgment relief 'on the basis of whim or personal disinclination.'"[13] However, the jurisprudence clearly establishes that this Court has the authority and discretion to dismiss this dispute over insurance coverage.

Here, Colony seeks a declaration that it has no duty to defend or indemnify IED for any losses it may sustain in the State Court action. Courts have been hesitant to exercise jurisdiction over the declaratory judgment action brought solely to litigate insurance coverage in a separate proceeding in federal court after an underlying state court lawsuit has been filed.

In one recent case, a court in this district declined to exercise jurisdiction over a similar declaratory judgment action stating that "other courts in this district that have declined to decide state-law insurance coverage issues in a separate federal declaratory judgment action."[14] The State Court action has been pending since August 29, 2007. It clearly predates this declaratory judgment action filed on December 5, 2008.

---

[12] *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94 (5th Cir.1992); *see also, Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942).

[13] *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 *(quoting Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28-29 (5th Cir.1989))

[14] *Hanover Insurance Co. v. Latter & Blum Property Management, Inc.*, 2008 WL 2067060 (E.D. La. 2008) (citing *Employers Ins. of Wausau v. Gulf Island Marine, Inc.,* 718 F.Supp. 17 (E.D.La.1989); *National Union Fire Ins. Co. of Pittsburgh v. Tanigpahoa Parish School,* 1996 WL 715521 (E.D.La.1996).

Here, a final determination of coverage or indemnity will be based upon the facts of the underlying state court action, not on the pleadings, which requires a resolution of the state court action.  Furthermore, this declaratory judgment action requires that this Court interpret the findings of the state court.  In fact, the complaint has made an ambiguous state court interlocutory ruling the centerpiece of its argument.[15]  Clearly, the court in the State Court action is better positioned to interpret is own reasons for judgment.  A dismissal of this action would allow one court to hear all of the interrelated issues.

Recently, the Fifth Circuit found that an insurer's motion for summary judgment that sought a determination that the insurer had no duty to indemnify an insured was not ripe when the underlying state court lawsuit was not complete.[16]  Although the Court was applying Louisiana law, the Court relied upon Texas precedents when it stated, "the indemnity issue is nonjusticiable pending resolution of the liability suit."[17]  The Court then stated, "Louisiana appears to apply the same rule as Texas," and cited numerous Louisiana cases.[18]

Accordingly, a dismissal of this action will allow the parties to fully litigate the coverage issue in the State Court action filed almost a year and a half before this declaratory judgment

---

[15] See Paragraph 16 of Colony's complaint.

[16] *Coregis Insurance Co. v. School Board of Allen Parish*, 2008 WL 2325632 (5th Cir. 2008) (*citing Northfield Insurance Co. v. Loving Home Care, Inc.,* 363 F.3d 523, 536-37 (5th Cir.2004)).

[17] *Id.* at *2.

[18] *Id. (citing Quinlan v. Liberty Bank & Trust Co.,* 575 So.2d 336, 348-49 (La.1990) (concluding duty to indemnify in a liability insurance contract arises when liability attaches); *Mossy Motors, Inc. v. Cameras Am.,* 898 So.2d 602, 607 (La.App. 4 2005) (stating that duty to indemnify issue was premature and nonjusticiable when liability had not yet been established in underlying litigation); *Nat'l Union Fire Ins. Co. v. St. Bernard Parish Gov't,* 2004 WL 877379, at *2 (E.D.La. 2004) (concluding that duty to indemnify issue in declaratory judgment action was not ripe under Louisiana law when liability had not been established in underlying state court lawsuit).

action. Additionally, since the complaint fails to establish the Court's subject matter jurisdiction a dismissal would be a valid exercise of this Court's discretion for that reason alone.

## *Conclusion*

The burden is on Colony, as the party seeking to assert jurisdiction, to establish via credible summary judgment evidence that this Court has subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1332. Colony cannot meet this burden. There is absolutely no federal question jurisdiction in this matter and, Colony's assertion that 28 U.S.C. §1331 provides jurisdiction is sanctionable. Additionally, Colony has not sufficiently established that the amount in controversy exceeds the jurisdictional requirements of 28 U.S.C. §1332.

Regardless, it is within this Court's discretion to dismiss this action because it is a declaratory judgment action brought solely to litigate the issue of insurance coverage. This action was filed nearly eighteen months after the underlying State Court action.

For these reasons, IED requests that the Court dismiss this action.

By Attorneys,

*/s/ C. Parker Kilgore*
DAVIS B. ALLGOOD (#2419) T.A.
C. PARKER KILGORE (#31219)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana  70809
E-mail:  pkilgore@joneswalker.com
Telephone:     225-248-2181
Facsimile:     225-248-3181

*Counsel for International Equipment Distributors, Inc.*

{B0577250.1}

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via email and/or ECF on this 6th day of April, 2009

____*/s/ C. Parker Kilgore*____
C. Parker Kilgore