UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLONY INSURANCE COMPANY | CIVIL ACTION NO. CV08-5087 DIV. "A" |
| VERSUS | JUDGE ZAINEY |
| PEARL RIVER BASIN LAND & DEVELOPMENT, LLC, ET AL. | MAG. JUDGE ROBY |

### INTERNATIONAL EQUIPMENT DISTRIBUTORS, INC.'S REPLY MEMORANDUM TO COLONY INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS

Defendant, International Equipment Distributors, Inc. d/b/a IED, Inc. ("IED"), files this Reply Memorandum in Support of its Motion to Dismiss based on this Court's lack of subject matter jurisdiction.

*Argument*

When the subject matter jurisdiction of the court is in question, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[1]  Colony, as the party invoking federal subject matter jurisdiction, bears the burden of

---

[1] *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996).

{B0598939.1}

establishing that jurisdiction by a preponderance of the evidence.[2]  In this matter, Colony has not sustained that burden.

### A. There is simply no federal question jurisdiction pursuant to 23 USC §1331 in this matter.

In its opposition memorandum, Colony again erroneously asserts the existence of federal question jurisdiction.  Colony's current counsel did not draft the Complaint that asserts jurisdiction under 28 USC §1331.  However, Colony's new counsel should have abandoned this argument.

Colony filed this declaratory judgment action against its insured, IED, asserting that Colony does not owe IED defense or indemnity under the policy issued by Colony for the allegations in the underlying state court proceeding.  The dispute between Colony and IED is an insurance dispute governed by Louisiana law.  The dispute raises no federal question.

Whether or not Pearl River has tried to assert a federal Stafford Act claim against IED in state court is irrelevant.  Louisiana law governs the dispute between Colony and IED.  This precludes the existence of federal question jurisdiction, regardless of the basis for Pearl River's claims.[3]

---

[2] *St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002).

[3] *American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 986 F.2d 1256, 161-63 (no federal question jurisdiction over insurer's declaratory judgment action because state law governed insurer's duty to defend and indemnify insured against federal CERCLA claims) (1st Cir. 1993); *Hudson Ins. Co. v. American Electric Corp.*, 957 F.2d 826, 828 n.1 (11th Cir. 1992) ("Hudson [the insurer] correctly observes that federal law (CERCLA) creates the liability for which Green River [the insured] might seek reimbursement. This fact does not matter. An insurance suit does not arise under the law that creates the insured's *liability*; rather, such a suit arises under the law that creates the insured's *cause of action*. In this case, that law is state law.") (emphasis by court).

### B.  *Colony has not met is burden of establishing that there is over $75,000 in dispute.*

Colony, as the party invoking federal subject matter jurisdiction, bears the burden of establishing that jurisdiction by a preponderance of the evidence.[4]  In its Complaint, Colony failed to allege the existence of any particular amount in controversy, and it did not affirmatively show that the amount in controversy exceeds the jurisdictional limit.  Where the amount in controversy is not apparent from the allegations of the complaint, the Court should then rely on summary judgment type evidence produced by the plaintiff.[5]

Colony in response to this motion has filed various unauthenticated papers that it says relate to the underlying state court action.  However, it still has not produced anything that shows the amount that Pearl River seeks to recover from Colony's insured, IED.  Federal jurisdiction is not presumed, and Colony has still not proved that it has a right to invoke this Court's jurisdiction.

Colony has attached as exhibits to its opposition two documents it alleges establishes that over $75,000.00 is in dispute.  Colony attached Pearl River's responses to the interrogatories that purport to have been propounded by *Washington Parish* in the state court proceeding, and an exhibit purportedly provided by Pearl River in response to those interrogatories.

The exhibits do not establish by a preponderance of the evidence jurisdiction here.  First, the discovery requests, if authentic, were propounded by Washington Parish, not IED.  Clearly, Colony misstated when it referred to these exhibits as being prepared "in response to written discovery propounded by IED in the state court proceeding."[6]  The introductory paragraph of

---

[4] *St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002).

[5] *Id.*

[6] Colony's Opposition, Rec. Doc. No. 38, p. 7.

{B0598939.1}

"Plaintiff's Response to Interrogatories" clearly states that they were in response to the "Interrogatories propounded by Defendant, Washington Parish Government."

The Exhibit C and D provided by Colony only demonstrate the amount that Pearl River feels is owed by *Washington Parish*, not IED. Colony relies on Pearl River's answer to Interrogatory No. 7, which asserts that Pearl River claims to be owed $341,625.00 by Washington Parish. Furthermore, Exhibit D is an invoice from Pearl River to *Washington Parish* for that amount. Absent from both Pearl River's interrogatory responses and the invoice is any reference to IED.

Colony also asserts that the state court petition itself establishes that over $75,000 is in dispute. This is not correct either. As Pearl River stated, "neither the Complaint seeking declaratory relief by Colony filed herein, nor the underlying State Court action establish with any particularity, certainty or allegation [sic] of any specific amount claimed which, insofar as the State action is concerned, follows State law."[7]

In its opposition, Colony attempts to compute the amount in dispute using the allegations of the state court petition. However, Colony lumps the actions of other defendants in with the actions of IED for the purposes of this computation. Colony uses Paragraph X of Pearl River's petition to as the source of data to compute the amount in controversy. However, Paragraph X of Pearl River's petition in the state court action actually states "Mr. Penton, the sole representative for Plaintiff, discovered that not only did Mr. Dorset of Shaw not use the terms of the September 26, 2005 letter regarding the acreage of each lease, but also only paid $625.00 per acre and reduced the six (6) month term to three (3) months."

---

[7] Pearl River's Memorandum in Support of its Motion for Judgment on the Pleadings, Rec. Doc. 17-2, p. 4.

{B0598939.1}

While this paragraph provides the bulk of the information that Colony uses to compute the amount in controversy, it refers to the actions of "Mr. Dorset" of Shaw Environmental, Inc., yet another defendant in the state court action. Essentially, Colony bases all of its computations on a paragraph of the petition that alleges wrongdoing on the part of another defendant, Shaw.

Again, it was Colony's burden to rebut the presumption against subject matter jurisdiction through the use of credible summary judgment type evidence. Here, Colony has not met this burden.

### C. This insurance dispute should be the providence of the state court hearing the underlying state court action.

Colony has not proved the amount in controversy and Pearl River has yet to say what it wants from IED. Even if Coloy were to finally bear its burden of proving the existence of federal jurisdiction, whoud Court should not exercise that jurisdiction. Colony has attempted to rebut IED's assertion that this Court should exercise its sound discretion and abstain from hearing this declaratory judgment action. Again, as IED established in its Motion to Dismiss, the Court can elect to abstain and not hear this declaratory judgment action even if Court the has subject matter jurisdiction over this declaratory judgment action.[8] Courts in the Eastern District routinely decline to exercise jurisdiction over similar declaratory judgment actions that "decide state-law insurance coverage issues in a separate federal declaratory judgment action."[9]

This Court can decline to hear this matter because the Declaratory Judgment Act, 28

---

[8] *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94 (5th Cir.1992); *see also, Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942).

[9] *Hanover Insurance Co. v. Latter & Blum Property Management, Inc.*, 2008 WL 2067060 (E.D. La. 2008) (citing *Employers Ins. of Wausau v. Gulf Island Marine, Inc.,* 718 F.Supp. 17 (E.D.La.1989); *National Union Fire Ins. Co. of Pittsburgh v. Tanigpahoa Parish School,* 1996 WL 715521 (E.D.La.1996).

U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[10]  "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[11]  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[12]

In *The Sherwin-Williams Co. v. Holmes County*,[13] the Fifth Circuit examined the factors a district court should consider in deciding whether to retain or dismiss a declaratory judgment action.  The seven factors set forth in *Sherwin-Williams* are the Fifth Circuit's method of addressing the considerations that the Supreme Court outlined in *Brillhart v. Excess Ins. Co. of Am.*,[14] and confirmed in *Wilton*: (1) what is the proper allocation of decision making between state and federal courts,[15] (2) fairness,[16] and (3) efficiency.[17]

The Fifth Circuit requires that district courts consider the following factors: "1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in

---

[10] *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)).

[11] *Wilton,* 515 U.S. at 286, 115 S.Ct. at 2142.

[12] *Wilton,* 515 U.S. at 289, 115 S.Ct. at 2143.

[13] *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003).

[14] *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

[15] *The Sherwin-Williams Co.*, 343 F.3d at 390

[16] *The Sherwin-Williams Co.*, 343 F.3d at 391

[17] *The Sherwin-Williams Co.*, 343 F.3d at 391

allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy,"[18] and, 7) "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending."[19]

While the vast majority of these factors weigh in favor of this Court dismissing this declaratory judgment action, two factors standout: factor number four, "possible inequities in allowing the declaratory plaintiff to gain precedence in time," [20] and factor number seven, "the federal court is being called on to construe a state judicial decree."[21]

Colony has repeatedly relied, both in its Complaint and its opposition to this motion to dismiss, upon the "Written Reasons for Judgment" issued by the state court. In the "Written Reasons for Judgment," the state court addressed an exception of prescription filed by IED. IED's argued in its exception that Pearl River's tort claims were prescribed but, the state court *denied* IED's exception.

Colony has repeatedly cited dicta in the written reasons to support its claim that "the claims for fraud and misrepresentation were dismissed."[22] However, the state court has not dismissed Pearl River's claims for fraud and misrepresentation, and Colony's assertions to the

---

[18] *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 591-592 (5th Cir. 1994) (*citing Travelers,* 996 F.2d at 778)

[19] *Trejo,* 39 F.3d at 592.

[20] *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 591-592 (5th Cir. 1994) (*citing Travelers,* 996 F.2d at 778)

[21] *Trejo,* 39 F.3d at 592.

[22] Colony's Opposition, Rec. Doc. 38, p. 2.

contrary are either wrong or disingenuous.  Instead, the state court judge stated that Pearl River's claims "sound in contract," while denying the very exception that sought a dismissal the tort claims.  The state trial court has not entered a final judgment resolving any of Pearl River's claims against IED, and either the trial court or a state court of appeal may yet render a judgment against IED on a claim covered by Colony.

The Fifth Circuit requires district courts to weigh the possible inequities in allowing the declaratory plaintiff to gain precedence in time.  Here, IED would be severely prejudiced if this Court were to reach a determination on Colony's duty to defend and indemnify IED before the state court resolves Pearl River's covered tort claims.  Accordingly, this factor warrants dismissal of this declaratory judgment action.

Colony's entire declaratory judgment action is predicated on Colony's mistaken belief that the state court dismissed Pearl River's tort claims, as Colony alleges occurred in the "Written Reasons for Judgment."  At this time, it is unclear whether the state court will dismiss any covered tort claims (since it did not when given the chance).  This leaves this Court in the position of trying to read the state court's mind if this Court retains this declaratory judgment action.  The *Trejo* court addressed this concern in factor seven.[23]  This creates the potential for inconsistent results that could severely prejudice IED, warranting dismissal.

As Colony acknowledges in its opposition "issues are currently on appeal, and the parties do not know when those issues will be decided."[24]  The issues on appeal in the state court proceeding are exceptions filed by other defendants, including exceptions of prescription.

---

[23] *Trejo,* 39 F.3d at 592

[24] Colony's Opposition, Rec. Doc. 38, p. 15.

{B0598939.1}

The fact that exceptions are on appeal in the state court action presents an obstacle to the quick and judicially efficient determination of the coverage issues by this Court.  This too weighs in favor of a dismissal of this action.  Too much is unknown at this time, and there is the potential for inconsistent outcomes in federal and state court if this Court were to act prior to the resolution of the state court action.

### *Conclusion*

The burden is on Colony, as the party seeking to assert jurisdiction, to establish via credible summary judgment evidence that this Court has subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1332.  Colony did not meet this burden.  There is absolutely no federal question jurisdiction in this matter and, Colony's assertion that 28 U.S.C. §1331 provides jurisdiction is sanctionable.  Additionally, Colony has not sufficiently established that the amount in controversy exceeds the jurisdictional requirements of 28 U.S.C. §1332.

Regardless, it is within this Court's discretion to dismiss this action because it is a declaratory judgment action brought solely to litigate the issue of insurance coverage.  For these reasons, IED requests that the Court dismiss this action.

By Attorneys,

*/s/ C. Parker Kilgore*
DAVIS B. ALLGOOD (#2419) T.A.
C. PARKER KILGORE (#31219)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana  70809
E-mail:  pkilgore@joneswalker.com
Telephone:     225-248-2181
Facsimile:     225-248-3181

*Counsel for International Equipment Distributors, Inc.*

{B0598939.1}

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via email and/or ECF on this 22nd day of July, 2009

*/s/ C. Parker Kilgore*
C. Parker Kilgore

{B0598939.1}