UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLONY INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                      NO: 08-5087

PEARL RIVER BASIN LAND &                    SECTION: A (4)
DEVELOPMENT COMPANY, LLC, ET AL.

## Order and Reasons

Before the Court is a **Motion to Dismiss (Rec. Doc. 10)** filed by Defendant International Equipment Distributors, Inc. ("IED") and a **Motion for Judgment on the Pleadings (Rec. Doc. 17)** filed by Defendant Pearl River Basin Land & Development Company, LLC ("Pearl River"). Plaintiff, Colony Insurance Company ("Colony"), opposes the motions. The motions, set for hearing on July 22, 2009, are before the Court on the briefs. For the reasons that follow, the **Motion to Dismiss (Rec. Doc. 10)** is **GRANTED**, and the **Motion for Judgment on the Pleadings (Rec. Doc. 17)** is **DENIED AS MOOT**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2008, the Plaintiff filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 against IED and Pearl River Basin Land & Development Company, LLC ("Pearl River"). In the complaint, the Plaintiff alleges jurisdiction under 28 U.S.C. §§ 1331-1332, and additionally alleges that its claims arise under 28 U.S.C. § 5121 (Stafford Act). (Compl. ¶ 1).

This matter arises out of a dispute over an insurance contract between the Plaintiff Colony and the Defendant, IED. (Compl. ¶ 5). Colony seeks a declaration that it is not required to defend nor indemnify IED or any other party in pending state court litigation. (*Id.* at ¶ 17). In the pending

1

state court litigation,[1] Pearl River sued IED and various other parties alleging breach of contract, fraud, etc., stemming from debris management operations in the aftermath of Hurricane Katrina. ((*Id.* at ¶ 8-10). However, Colony is not a defendant in the state court suit. Colony alleges that the claims and damages by Pearl River are not covered under the insurance contract, as the claims are not considered an "occurrence" and the damages are not "property damage" as defined in the policy. (*Id.* at ¶ 11-14).

Defendant IED moves for dismissal of this action based on Federal Rules of Civil Procedure 12(b)(6). IED argues that the Court lacks subject matter jurisdiction over Plaintiff's claims against the United States because nothing in the complaint supports jurisdiction under 28 U.S.C. §§ 1331-1332. (MTD p. 3-5). Specifically, the Defendant contends that the Plaintiff fails to articulate any relief requested under federal law and that the complaint is devoid of any facts to establish diversity jurisdiction. (*Id.*). In the alternative, if the Court determines there is jurisdiction, IED moves for dismissal on discretionary grounds under the Declaratory Judgment Act. (*Id.* at 6). The Defendant cites multiple cases in which federal courts have declined to decide state-law insurance issues in a separate declaratory judgment action. (*Id.* at 6-7).

Defendant Pearl River moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Pearl River argues that the complaint states no cause of action against it, and joining it in this action is premature as this cause of action is limited to a coverage dispute between an insurer and an insured. (MJP p. 5-7). Pearl River also filed a memorandum in response to IED's

---

[1] *See Pearl River Basin Land & Development Company, LLC vs. State of Louisiana, Through the Governor's Office of Homeland Security & Emergency Preparedness, Washington Parish, IED, Inc., IED LLC, and Shaw Environmental, Inc.*, Civil Action No. 96268 "A," 22nd Judicial District, Parish of St. Tammany.

Motion to Dismiss arguing in support of the motion. Pearl River argues that Colony has failed to meet its burden of establishing subject matter jurisdiction. (Mem. In. Supp. p. 3-4).

In opposition,[2] the Plaintiff counters that the Court does have jurisdiction under 28 U.S.C. § 1331 because Pearl River's complaint alleges claims under the Stafford Act. (Mem. In Opp. p. 4). Alternatively, Colony argues that Pearl River's complaint and answers to interrogatories both indicate that it seeks more than $75,000 from IED in the underlying suit (*Id.* at 5-8). The Defendant further argues that the Court should not abstain from exercising jurisdiction under the Declaratory Judgment Act, citing Eastern District and Fifth Circuit decisions in which Courts have heard claims under similar circumstances. (*Id.* at 9-15). With regard to Pearl River's motion, Colony argues that there is an actual controversy and Pearl River, as the potential claimant, is a proper party defendant in a coverage issue suit. (Rec. Doc. 37, Mem. In Opp. p 9-11).

In reply, IED argues that Colony has not met its burden of establishing that over $75,000 is in dispute because Colony uses interrogatory answers and claims against other Defendants in support of its claim. (Reply p. 3-5). Alternatively, IED argues that the Court should abstain from exercising its jurisdiction because this action requires the Court to construe a state court judicial decree. (Reply p. 5-8). Colony filed a sur-reply arguing that the state court petition and interrogatory answers clearly show that this dispute meets the amount in controversy requirement, and there is no basis for this Court to abstain from exercising jurisdiction. (Sur Reply . 3-6).

## II. DISCUSSION

### A. Jurisdiction

---

[2] The Plaintiff filed separate oppositions to the Motion to Dismiss (Rec. Doc. 38) and the Motion for Judgment on the Pleadings (Rec. Doc. 37). The jurisdictional arguments are identical, and the remaining arguments will be noted in the discussion.

3

Motions to dismiss are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc., v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005) (citing *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking federal subject matter jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence. *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002). In order to survive a 12(B)(6) motion, the non-moving party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). A dismissal for lack of subject matter jurisdiction or for failure to state a claim is proper "only if it appears certain, taking all facts as true and resolving all inferences and doubts in plaintiff's favor, that plaintiff's claim would not entitle him to relief." *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

Concerning federal question jurisdiction under 28 U.S.C. § 1331, Defendant IED argues that this is clearly a state law insurance coverage dispute, and there is no basis for federal question jurisdiction. After initially opposing this argument, Colony has conceded that there is no basis for federal question jurisdiction.[3] Thus, the Court must determine whether there is diversity jurisdiction over this matter.

Because this is an action for declaratory relief, the amount in controversy under 28 U.S.C. § 1332 is measured by the value of the underlying claim. *Lou-Con, Inc.*, 293 F.3d at 908 (5th Cir.

---

[3] *See* Pl. Sur Reply p. 1-2 ("However, Colony concedes that the Declaratory Judgment Action pending before this Court involves issues of interpretation of insurance contracts, which issues should be resolved under Louisiana law.").

2002). Colony asserts that Pearl River's allegations in the state court complaint and answers to interrogatories prove that the amount in controversy is met. The state court complaint does not allege a specific amount in controversy, but Colony argues that the factual allegations[4] prove that the amount in controversy is met. Further, Pearl River answered interrogatories by another Defendant in the state court action alleging that it sought at least $341,625.00 from the Defendants. IED responds by arguing that the answers were to interrogatories propounded by another party, and do not mention IED. Further, the Plaintiff's calculation of damages from the facts in the petition also imputes the actions of other Defendants.

The Court agrees with the arguments of the Plaintiff, and finds that the Court has diversity jurisdiction to hear this matter. While the burden is on Colony to produce summary judgment evidence in support of jurisdiction, the state court pleadings provided by Colony meet that burden here. The state court plaintiff's answers indicate that the amount of damages claimed was not limited to one Defendant, rather it sought that amount from all of the defendants. Therefore, given the nature of the claims stated and the discovery provided, it is plausible to find that the underlying claim exceeds the amount in controversy required.

**B. Declaratory Judgment Act**

The Declaratory Judgment Act is an enabling act, and it confers discretion on the courts to hear claims declaring the rights of the litigants. *See* 28 U.S.C. § 2201; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). The Fifth Circuit has set out

---

[4] The Plaintiff in the state court action, Pearl River, alleges that IED and other defendants paid less than they should have for leases on smaller tracts of land than previously agreed to, and unilaterally shortened the terms of the lease as well. Further, Pearl River seeks expenses for site preparation, road construction, maintenance, and other expenses. (Pl. Exh. A).

5

factors for district courts to consider when determining whether to retain or dismiss a declaratory judgment action, and they address the judicial concerns regarding proper allocation of decision making between state and federal courts, fairness, and efficiency.[5]

The Fifth Circuit has held that claims regarding the duty to indemnify are premature when the underlying state court action is not complete. That is the case here. *See Coregis Insurance Co. v. School Board of Allen Parish,* 2008 WL 2325632 (5th Cir. 2008)(citing *Northfield Insurance Co. v. Loving Home Care, Inc.,* 363 F.3d 523 536-37 (5th Cir. 2004). However, in cases where the insurer seeks a ruling that it has no duty to indemnify nor a duty to defend, courts have held that there may be an actual controversy even before the state court action proceeds to judgment. *See Gabarick v. Laurin Maritime, Inc.*, 2009 WL 43096 (E.D. La 2009)(Africk, J.)(citing *Liberty Mut. Ins. Co. V. Jotun Paints, Inc.*, 2008 WL 819078 (E.D. La. 2008)(Africk, J.). Some federal courts have declined to decide state law insurance coverage issues in separate federal declaratory judgment actions, while others have exercised jurisdiction under similar circumstances.[6]

Here, the parties disagree over the Court's duty to entertain the declaratory judgment action.

---

[5] *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 1983). The *"Trejo"* factors are as follows: (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed the suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Insurance Co. v. Trejo,* 39 F.3d 585, 591-92 (5th Cir. 1994).

[6] *Compare Hanover Insurance Company v. Latter & Blum Property Management, Inc.*, 2008 WL 2067060 (E.D. La. 2008)(Feldman, J.) *with Federal Insurance Co. v. Southwest Materials, Inc., et al.*, 2003 WL 21634945 (E.D.La. 2003)(Africk, J.).

The Plaintiff, Colony, asserts that it is not a party in the state court proceeding and this issue has not been raised in the state court proceeding, therefore it is ripe for a decision before this Court. The Defendant, IED, argues that the factors weigh against hearing this action because it requires the Court to construe a state judicial decree and a ruling would cause it great prejudice given the pending state court action.

Considering the considerations of fairness, judicial efficiency, and proper allocation of decision making between federal and state courts, exercising jurisdiction under these circumstances would be inappropriate. While Colony correctly points out that it is not a party in the state court proceeding, it asks this Court to construe an interlocutory state court decree to decide the coverage issue in this action.[7]

In dismissing this action, the Court has reviewed the *Trejo* factors and finds that the fourth and seventh factors[8] weigh heavily against exercising jurisdiction, as the potential precedence in time and inconsistent results from federal and state courts would severely prejudice the Defendant. Further, judicial economy weighs in favor of dismissal, as routinely entertaining actions such as these would lead to a significant increase in duplicative proceedings that could be settled more efficiently in state court. Therefore, dismissal is an appropriate exercise of this Court's discretion under the Declaratory Judgment Act.

## III. CONCLUSION

---

[7] The Plaintiff argues that the state court has dismissed all tort claims of Pearl River, thus leaving only breach of contract claims which are not covered under the policy. (Rec. Doc. 13, MSJ). It should be noted that federal courts have declined to hear similar actions even where the Plaintiff was not named as a defendant in the state court proceeding. *See Employers Ins. of Wausau v. Gulf Island Marine, Inc.,* 718 F. Supp. 17 (E.D. La. 1989)(Duplantier, J.).

[8] *See supra* note 5.

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** is **GRANTED**, and the **Motion for Judgment on the Pleadings (Rec. Doc. 17)** is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 13)** is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the **Motion to Expedite (Rec. Doc. 32)** is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that all claims against Defendants IED and Pearl River are **DISMISSED** with prejudice. The Clerk of Court shall mark this action closed.

August 3, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE